IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| REBECCA WOLFE, | ) |
| Plaintiff, | ) Case No.: 3:13-cv-150 |
| vs. | ) |
| I. C. SYSTEM, INC. | ) **Jury Trial Demanded** |
| Defendant. | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in their illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff, Rebecca Wolfe (hereinafter "Plaintiff" or "Ms. Wolfe"), is a natural person who lives in this district and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant I. C. System, Inc. (hereinafter "Defendant") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a corporation organized in Minnesota, who can be served

[1]

through its President, John Erickson, Jr., at its principal executive office address of 444 Highway 96 East, St. Paul, MN 55127.

6. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

7. DEFENDANT uses the mail in its business.

8. DEFENDANT uses telephone communications in its business.

9. The primary purpose of DEFENDANT'S business is the collection of debts.

10. DEFENDANT regularly collect or attempts to collect debts owed, or due, or asserted to be owed or due to another.

11. DEFENDANT is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

12. DEFENDANT has alleged that Ms. Wolfe incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an account allegedly originally owed to, or serviced by, AT&T with account number 450108823, hereinafter referred to as "AT&T".

13. Sometime prior to July 29, 2012, Ms. Wolfe's debt was sold or otherwise transferred to the above-styled DEFENDANT for collection from Ms. Wolfe, when thereafter Ms. Wolfe

received collection communications and was subjected to collection acts from DEFENDANT, all in an attempt to collect this debt.

14. Ms. Wolfe has made no payments on this account since before March 14, 2012.

15. In the course of attempting to collect a debt allegedly due from Ms. Wolfe, to a business which is not a party to this litigation, DEFENDANT communicated with Ms. Wolfe in ways that violated the Fair Debt Collection Practices Act.

### *March 14, 2012 Collection Letter from NCO Financial Systems, Inc.*

16. NCO Financial Systems, Inc. (hereinafter "NCO"), not a defendant in this lawsuit, sent Plaintiff a collection letter dated March 14, 2012, on behalf of its client, Defendant (see attached Exhibit A).

17. NCO is a debt collector.

18. The March 14, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collecting the debt and in an attempt to collect the debt.

19. The March 14, 2012 collection letter was collecting on the AT&T account numbered 450108823 and assigned a "Our Account #" of WAF866. (see Exhibit A).

20. The March 14, 2012 collection letter asserted an amount due of $26.42 as of March 14, 2012 (see Exhibit A).

[ 3 ]

### *May 11, 2012 Collection Letter from NCO Financial Systems, Inc.*

21. NCO sent Plaintiff a second collection letter, dated May 11, 2012, on behalf of its client, AT&T (see attached Exhibit B).

22. The May 11, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with the collection of a debt and in an attempt to collect the debt.

23. The May 11, 2012 collection letter was collecting on the AT&T account numbered 450108823 and assigned "Our Account # WAF866." (see Exhibit B).

24. The May 11, 2012 collection letter asserted the amount due of $26.42 as of May 11, 2012. (see Exhibit B).

### *July 29, 2012 Collection Letter From I.C. System, Inc.*

25. DEFENDANT sent Plaintiff a collection letter dated July 29, 2012 collecting on behalf of its client, "AT&T Uverse" (see attached Exhibit C).

26. The July 29, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with the collection of a debt and in an attempt to collect the debt.

27. DEFENDANT's July 29, 2012 collection letter asserted:

>    RE:    AT&T Uverse  
>    Principal Due:           $26.42  
>    Collection Charge Due:   $ 4.76  
>    **BALANCE DUE:**         **$31.18**  
>    Account No: 450108823

(see Exhibit C).

[ 4 ]

28. DEFENDANT's July 29, 2012 letter asserted an amount due of $31.18 as of July 29, 2012. (see Exhibit C).

29. DEFENDANT's July 29, 2012 letter asserts "I.C. System Reference Number: 45880458-1-79". (see Exhibit C).

30. DEFENDANT's July 29, 2012 letter further asserts:

   \*   Would you be willing to pay 75% of your balance of $31.18 now to settle your account in full?
   \*   To help resolve this delinquent account, our office will accept a reduced payment amount of $23.39 to settle your account in full.

   (see Exhibit C).

31. DEFENDANT's July 29, 2012 letter further asserts:

   \*   This settlement offer is valid for the balance shown on your account(s) above as of the date of this letter. **Any additional balances added** after this date are not included.

   (See Exhibit C)(emphasis added).

## CAUSES OF ACTION

## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:

## FALSE OR MISLEADING REPRESENTATIONS

32. The acts of DEFENDANT constitute violations of the Fair Debt Collection Practices Act. DEFENDANT'S violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, which is a violation of 15 U.S.C. § 1692e.

33. Both of the letters from NCO demanded the exact same amount of $26.42 from Ms. Wolfe. The balance did not change from March 14, 2012 to May 11, 2012.

[ 5 ]

34. The July 29, 2012 collection letter from DEFENDANT demanded a different amount, $31.18, from Ms. Wolfe and Ms. Wolfe feels as though this change is a false, deceptive, or misleading representation in connection with the collection of this account.

35. Ms. Wolfe is confused as to why no additional charges were assessed for many months while another debt collector was handling the account, but then a "Collection Charge" was mysteriously assessed by DEFENDANT.

36. A calculation of the time between the letters from NCO and the letter from DEFENDANT shows that DEFENDANT's July 29, 2012 letter has accrued additional charges that Ms. Wolfe asserts should never have been charged pursuant to her contract with AT&T.

37. By assigning a different account balance to the same account, while not applying the appropriate contractual rate of interest or fees, DEFENDANT has confused Ms. Wolfe as to what amount of money she owes on this account.

38. By assigning a different account number to the same account, DEFENDANT has confused the least sophisticated consumer as to what account she owes money on.

39. By constantly changing who is collecting the debt, DEFENDANT has misled and confused Ms. Wolfe as to who she owes for her AT&T account.

**SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:**
**FALSE OR MISLEADING REPRESENTATIONS**

40. The acts of DEFENDANT constitute violations of the Fair Debt Collection Practices Act. DEFENDANT'S violation of the FDCPA include, but are not limited to, the use of false,

deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, which is a violation of 15 U.S.C. §1692e(2).

41. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $26.42 is demanded in NCO's collection letter dated March 14, 2012; then some 58 days later the balance remains at $26.42 in NCO's collection letter dated May 11, 2012; but then the balance increases to $31.18 in DEFENDANT's July 29, 2012 collection letter.

42. Ms. Wolfe asserts that if no interest and fees accrued on the account from NCO's collection letter dated March 14, 2012 to the May 11, 2012 collection letter demanding $26.42, then there should certainly not be an increase of $4.76 in the balance demanded in DEFENDANT's July 29, 2012 collection letter.

43. The amount demanded by DEFENDANT is a result of DEFENDANT'S application of unwarranted and/or inconsistent fees as the balance increased by $4.76 in 79 days from NCO's May 11, 2012 collection letter but never increased in the 59 days from March 14, 2012 to May 11, 2012.

44. By demanding an amount that increases at an unknown interest rate, DEFENDANT has confused Ms. Wolfe as to what amount of money she owes on this account.

45. By demanding collection charges that were illegally applied to this account, DEFENDANT has deceived and misled Ms. Wolfe as to what amount of money she owes on this account.

46. Ms. Wolfe asserts that the irregularly changing balance asserted by DEFENDANT demonstrates that DEFENDANT has no knowledge of the correct amount owed, if any.

[ 7 ]

Further, DEFENDANT is making an attempt to keep her confused as to the amount owed so that if she were to make payments on this account she would never know the actual amount owed, and instead would pay fees, interest, or other charges that were never legally owed by her.

## THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

47. The acts of DEFENDANT constitute violations of the Fair Debt Collection Practices Act. DEFENDANT's violations of the FDCPA include, but are not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, which is a violation of 15 U.S.C. §1692f(1).

48. Ms. Wolfe is unaware of any "additional balances added" that DEFENDANT may be entitled to and disputes that she is contractually obligated to pay any "additional balances added".

49. The amount sought by DEFENDANT in its communication includes inappropriately applied interest and/or fees that are not expressly authorized by the agreement creating the debt or permitted by law, and thus is in direct violation of 15 U.S.C. § 1692f(1).

50. By asserting a balance that illegitimately increased in its July 29, 2012 collection letter, specifically assessing inappropriately applied interest, fees or charges, DEFENDANT has demanded an amount that is not expressly authorized by the agreement creating the debt or permitted by law.

[ 8 ]

51. Since no interest or fees accrued on the account while NCO was collecting it from March 14, 2012 to May 11, 2012, but then the balance sought increased by an additional $4.76 in DEFENDANT'S collection letter dated July 29, 2012, one can easily see that DEFENDANT is not even applying a consistent rate of interest and/or fees, much less one that is expressly authorized by the agreement creating the debt.

52. Tennessee laws require that creditors and debt collectors only demand interest and fees that are attributable to an account and pursuant to the underlying contract that was signed by the consumer, thus the exorbitant and inconsistent amount demanded by DEFENDANT is an attempt to collect an amount not permitted by law.

53. NCO's March 14, 2012 and May 11, 2012 letters prove that the account's rate of interest and/or fees is 0.00% despite DEFENDANT's demand of additional funds on the account in its July 29, 2012 collection letter.

54. DEFENDANT is not applying the contractual or statutory rate of interest.

55. DEFENDANT is not applying the contractual or statutory rate of fees.

56. DEFENDANT's collection of an increased amount, which is an increase over those amounts previously demanded by another debt collector and includes interest or fees at an incalculable rate, is a collection attempt of an amount not expressly authorized by the agreement.

57. As a result of DEFENDANT's actions, Ms. Wolfe is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

[ 9 ]

## TRIAL BY JURY

58.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a)      That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b)      That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c)      That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d)      That the Court declare all defenses raised by Defendant to be insufficient; and

e)      That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 15th day of March, 2013.

> */s/ Justin A. Brackett*
> Justin A. Brackett, BPR #024326
> Attorney for Plaintiff
> 1104 Merchants Drive, Suite 101
> Knoxville, TN 37912
> (865) 688-0868

[10]